```
              UNITED STATES DISTRICT COURT
               MIDDLE DISTRICT OF FLORIDA
                     TAMPA DIVISION
```

RANDALL KUHLMAN and
ANN KUHLMAN,

    Plaintiffs,

v.                        Case No.: 8:12-cv-1238-T-33AEP

LOUISVILLE LADDER, INC.,

    Defendant.
_____/

### ORDER

This matter comes before the Court pursuant to Defendant Louisville Ladder, Inc.'s Motion to Dismiss Counts III, IV and V of Plaintiffs' Complaint (Doc. # 4), filed on June 1, 2012. Plaintiffs filed a response in opposition to the Motion on June 15, 2012. (Doc. # 8). For the reasons that follow, the Court grants the Motion without prejudice and with leave to amend.

**I.   Background**

According to the Complaint, on or about September 1, 2010, Defendant Louisville Ladder, Inc. distributed, sold, or otherwise marketed a ten-foot long step ladder to Plaintiff Randall Kuhlman's employer, Managed Insulation Services, for use as "an instrument in the installation of insulation materials in structures." (Doc. # 2 at ¶¶ 4-5). On or about September 1, 2010, while Kuhlman was employed by Managed

Insulation Services, "he climbed the ladder and its spreader broke away from the frame of the ladder when the rivets of the brace failed. He fell from the step ladder to the ground and suffered permanent injuries." Id. at ¶ 6.

Kuhlman and his wife, Ann, initiated this action in state court on April 18, 2012, alleging negligence (Count I), strict liability in tort (Count II), implied warranty of merchantability (Count III), implied warranty of fitness for a particular purpose (Count IV), breach of express warranty (Count V), and consortium (Count VI). (Doc. # 2). Louisville Ladder removed the case to this Court on June 1, 2012, on the basis of the Court's diversity jurisdiction. (Doc. # 1). Louisville Ladder's Motion to Dismiss Counts III, IV, and V of the Complaint is now before the Court.

## II. Legal Standard

A complaint must contain a short and plain statement of the claim showing that the pleader is entitled to relief. Fed.R.Civ.P. 8(a)(2). In reviewing a motion to dismiss, a trial court accepts as true all factual allegations in the complaint and construes the facts in the light most favorable to the plaintiff. Jackson v. Bellsouth Telecomms., 372 F.3d 1250, 1262 (11th Cir. 2004). However, courts are not "bound

to accept as true a legal conclusion couched as a factual allegation." Papasan v. Allain, 478 U.S. 265, 286 (1986).

In Bell Atlantic Corp. v. Twombly, the Supreme Court articulated the standard by which claims should be evaluated on a motion to dismiss:

> While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff's obligation to provide the grounds of his entitlement to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do. Factual allegations must be enough to raise a right to relief above the speculative level.

550 U.S. 544, 555 (2007) (internal citations omitted).

In accordance with Twombly, Federal Rule of Civil Procedure 8(a) calls "for sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, 556 U.S. 662, 663 (2009) (quoting Twombly, 550 U.S. at 570). A plausible claim for relief must include "factual content [that] allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Id.

### III. **Analysis**

Louisville Ladder moves to dismiss Count III (breach of implied warranty of merchantability), Count IV (breach of implied warranty of fitness for a particular purpose), and

Count V (breach of an express warranty). Louisville Ladder argues that under Florida law, breach of warranty claims require privity between the plaintiff and the defendant, which Louisville Ladder claims has not been alleged and does not exist in this case. (Doc. # 4 at 7).

Louisville Ladder is correct that under Florida law, "to recover for the breach of a warranty, either express or implied, the plaintiff must be in privity of contract with the defendant." Weiss v. Johansen, 898 So. 2d 1009, 1012 (Fla. 4th DCA 2005)(citing Intergraph Corp. v. Stearman, 555 So. 2d 1282 (Fla. 2d DCA 1990)). It is uncontested that Kuhlman did not purchase the ladder directly from Louisville Ladder, and thus, would not himself be in privity with Louisville Ladder.

However, in Florida, warranties such as those alleged in this case may be governed by the Uniform Commercial Code, as codified by Sections 672.313-18, Florida Statutes. See Thursby v. Reynolds Metals Co., 466 So. 2d 245, 249 ("Express warranties in Florida are governed by Section 672.313, Florida Statutes . . . ."); Cardozo v. True, 342 So. 2d 1053, 1057 (Fla. 2d DCA 1977)("The U.C.C. in codifying the law of sales did nothing to restrict the common law doctrine of implied warranty under Florida law. To the contrary, the code raised the dignity of the doctrine to statute and made it a certainty

-4-

that warranties would be implied in accordance with the statutory design where the seller is a merchant with respect to goods of that particular kind being sold."). Notably, the U.C.C. provides an exception to the privity requirement for certain qualifying individuals. Section 672.318, Florida Statutes, states:

> A seller's warranty whether express or implied extends to any natural person who is in the family or household of his or her buyer, who is a guest in his or her home or who is an employee, servant or agent of his or her buyer if it is reasonable to expect that such person may use, consume or be affected by the goods and who is injured in person by breach of the warranty. A seller may not exclude nor limit the operation of this section.

Although the Complaint does not specifically allege that the U.C.C. governs Counts III through V, it may very well be that the U.C.C., and Section 672.318 in particular, does in fact apply to this case. First, the term "seller" under the U.C.C. is defined as "a person who sells or contracts to sell goods" while a "buyer" is "a person who buys or contracts to buy goods." Section 672.103(1)(a),(d), Fla. Stat. Although Louisville Ladder is not specifically alleged to be a "seller" and Kuhlman's employer is not expressly alleged to be a "buyer" as those terms are defined by the U.C.C., the Complaint does allege that Louisville Ladder does business in Florida, "including distributing and selling, and otherwise

-5-

marketing in the stream of commerce a ten foot long step ladder" and that Louisville Ladder knowingly "distributed and/or sold" the subject ladder to Kuhlman's employer. (Doc. # 2 at ¶¶ 4, 5). Furthermore, ladders would constitute "goods" under the U.C.C., which are defined as "all things (including specially manufactured goods) which are movable at the time of identification to the contract for sale other than the money in which the price is to be paid, investment securities and things in action." Section 672.105(1), Fla. Stat. The Complaint additionally alleges that Kuhlman was injured due to Louisville Ladder's breach of the purported warranties. (Doc. # 2).

The Complaint, however, does not allege that "it [was] reasonable to expect that [Kuhlman] may use, consume or be affected by the goods" as is required to invoke the privity exception provided by Section 672.318. Additionally, under the U.C.C., an implied warranty of merchantability attaches only "if the seller is a merchant with respect to goods of that kind" as the term "merchant" is defined by the statute.[1]

---

[1] Section 672.104(1) provides that "'Merchant' means a person who deals in goods of the kind or otherwise by occupation holds himself or herself out as having knowledge or skill peculiar to the practices or goods involved in the transaction or to whom such knowledge or skill may be attributed by his or her employment of an agent or broker or

-6-

Sections 627.104, 672.314(1), Fla. Stat.  The Complaint does not sufficiently allege that Louisville Ladder qualifies as a "merchant" to state a claim for breach of an implied warranty of merchantability under the U.C.C.  Accordingly, Louisville Ladder's Motion to Dismiss is due to be granted on these bases.  However, Kuhlman is granted leave to file an amended complaint to allege facts sufficient to state his claims under the U.C.C. and to invoke the U.C.C.'s privity exception, if possible.

Louisville Ladder additionally argues that Counts III, IV, and V should be dismissed because Kuhlman also seeks recovery under a strict liability theory (Count II). (Doc. # 4 at 7).  Louisville Ladder contends that "the cause of action for breach of warranty was expressly abolished by the Florida Supreme Court in 1988 in cases where the remedy of strict liability is available." Id. (citing Kramer v. Piper Aircraft Corp., 520 So. 2d 37 (Fla. 1988); Indem. Ins. Co. v. Am. Aviation, Inc., 861 So. 2d 532 (Fla. 2004)). However, Louisville Ladder's characterization greatly overstates the holding of Kramer.  Indeed, in Kramer, the Florida Supreme Court explained that its adoption of the doctrine of strict

---

other intermediary who by occupation holds himself out as having such knowledge or skill."

liability in tort supplanted only the cause of action for implied breach of warranty *where there is no privity of contract*, but expressly stated that "[t]he implied warranty cause of action remains unaltered where privity of contract exists and in those cases which fall within the scope of § 672.318, Fla. Stat. (1985), of the Florida Uniform Commercial Code." Kramer, 520 So. 2d at 39 n.4. Based on the fact that this case may fall within the scope of Section 672.318, Fla. Stat., as explained above, the Court finds that Kuhlman's breach of warranty claims in Counts III through V are not necessarily supplanted and rendered superfluous by Kuhlman's strict liability claim in Count II.

Accordingly, it is

**ORDERED, ADJUDGED** and **DECREED**:

Defendant Louisville Ladder, Inc.'s Motion to Dismiss Counts III, IV and V of Plaintiffs' Complaint (Doc. # 4) is **GRANTED** without prejudice and with leave to amend. Plaintiffs may file an amended complaint consistent with the foregoing on or before December 14, 2012.

**DONE** and **ORDERED** in Chambers in Tampa, Florida, this 30th day of November, 2012.

_____
VIRGINIA M. HERNANDEZ COVINGTON
UNITED STATES DISTRICT JUDGE

Copies: All Counsel of Record